FRANK C. HERRICK, as Trustee under the Last Will and Testament of WILLIAM C. HERRICK, Deceased, Appellant, *v.* GEORGE L. WILTSIE, Respondent.

(County Court, Rensselaer County, June, 1916.)

Appeal — when judgment dismissing complaint affirmed — action for rent — landlord and tenant.

> Where, in an action for rent, the undisputed evidence shows that defendant, a local postmaster, acting by legal authority as the representative and agent of the United States government, rented premises then occupied as a post-office and during the term of the lease the post-office was moved from said premises by direction of the government, a judgment dismissing the complaint, with costs, in favor of defendant will be affirmed on the ground that defendant was a public agent acting in the line of his duty.

APPEAL from a judgment rendered by the City Court of Rensselaer in favor of defendant.

Joseph P. Coughlin, for plaintiff.

Ernest L. Boothby, for defendant.

RUSSELL, J. The plaintiff appeals from the judgment of the City Court of Rensselaer, rendered and entered on the 5th of November, 1914, dismissing the complaint of the plaintiff and granting costs in favor of the defendant and against the plaintiff.

The grounds of the judgment of the City Court of Rensselaer, N. Y., were as follows:

*First.* That George L. Wiltsie rented the premises occupied then as a post-office in the city of Rensselaer as representative of the United States Government.

*Second.* That the keys of the post-office were surren · dered to the plaintiff by John Thompson, deputy post-master of the city of Rensselaer, a representative of the United States. Government, and accepted by the plaintiff.

*Third.* The receipts for the rent were signed by Frank C. Herrick as payment in full and which said court certified to be correct.

This action was brought to recover the sum of $52 for rent from the 1st of December, 1913, until the 1st day of May, 1914.

The following facts appear from the evidence: That the plaintiff's premises at the corner of Broadway and Ferry street in the city of Rensselaer were rented from the 1st day of June, 1906, until the 1st day of May, 1907, at the rental of seventeen dollars per month, rent to be paid quarterly at the expiration of the quarter. That the defendant George L. Wiltsie, postmaster of the city of Rensselaer, entered in possession of said premises and continued until the 1st day of December, 1913; that the rent was payable quarterly at the rate of seventeen dollars per month, until the 1st day of May, 1910, when said rent was increased from seventeen dollars to twenty dollars per month and was paid at the rate of twenty dollars per month quarterly from 1910 until the 1st of December, 1913. That said increase in rent was allowed by the United States Post-office Department at Washington.

Each year after June, 1906, George Van Allen agent of the plaintiff, saw the defendant and asked the defendant if he were to stay another year and the

defendant replied, "That as far as he knew he was." That the conversation took place on or about the 1st of February in the year 1913.

That on the 1st day of December, 1913, the post-office was moved from the aforesaid premises across the street at the direction of the government and that thereafter, sometime in December, the deputy post-master, Mr. Thompson, called on Mr. Van Allen, agent for the plaintiff and handed him the keys of the afore-said premises, at which time Mr. Van Allen told Mr. Thompson that he would rent the property and give Mr. Wiltsie the credit for what he received for it. It appears from the evidence of the defendant that no appropriation was made for the support of the post-office at Rensselaer nor for its maintenance. That the postmaster was allowed to take from the receipts sufficient money to pay his own salary, the salary of the deputy, the postmen and the rent of the premises.

From the evidence this court is unable to agree with the court below, that there had been a surrender and acceptance of the premises and that the rent agreed to be paid had been paid in full. I am of the opinion that the judgment should be affirmed because it appears from the undisputed evidence that George L. Wiltsie, the defendant, rented the premises in ques-tion of the plaintiff; that the amount of rent to be paid was under the control of the postal department at Washington, and that the rent paid was taken from government funds. It is quite clear that George L. Wiltsie, the defendant, was acting as a public agent in the line of his duty and by such authority as could properly be termed legal authority. He was author-ized by the postal department at Washington to pay seventeen dollars per month and then twenty dollars per month for premises which he leased for the use of the post-office and his duties as postmaster. Any con-

tract that was made by George L. Wiltsie as postmaster was made as a representative and agent of the United States government as long as the said Wiltsie was acting within the scope of his authority as postmaster for the government. In the case of *Hodgson* v. *Dexter,* 1 Cranch, 329, in which case the facts are nearly parallel to this case, Chief Justice Marshall held: " It is too clear to be controverted that where a public agent acts in the line of his duty and by legal authority, his contracts made on account of the government are public and not personal. They enure to the benefit of and are obligatory on the government; not the officer. A contrary doctrine would be productive of the most injurious consequence to the public as well as to individuals. The government is incapable of acting otherwise than by its agents, and no prudent man would consent to become a public agent."

Judgment affirmed.